IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HERBERT C. VICE,

    Plaintiff,                    No. 2:08-cv-0940-LKK-JFM (PC)

    vs.

JAMES WALKER,

    Defendant.                  <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he has been denied visits with his wife for over four years without justification in violation of his constitutional rights. Plaintiff seeks injunctive relief in the form of reinstatement of visits with his wife and a removal of a rules violation report from his central file. The sole defendant in this action, Warden James Walker, has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and plaintiff has filed an opposition to the motion.[1]

        Plaintiff's complaint contains the following allegations. On September 7, 2002, plaintiff was told to report to the visiting room at California State Prison-Sacramento[2] (CSP-

---

[1] Defendant has objected to evidence submitted by plaintiff with his opposition. The court will not reach those objections at this time.

[2] Also identified in the complaint as New Folsom State Prison.

1

1 Sacramento) for a visit with his wife.  When he arrived, he was ordered by a correctional officer
2 to leave a bag he had in his pocket on a desk while he visited with his wife, an order with which
3 he complied.  After the visit with his wife, plaintiff was told by another correctional officer that
4 the bag was being confiscated because it contained tobacco, which was contraband.  At the time,
5 tobacco was not distributed to Level 4 inmates, but it was given to Level 1 and 2 inmates;
6 therefore, it was not contraband but instead was selectively distributed to inmates based on their
7 custody level.

8       Plaintiff was charged with a prison rules violation for possessing contraband
9 during visits.  This led to plaintiff's visits being suspended to non-contact visits held behind glass
10 for a period of thirty days.  Plaintiff did not appeal this decision because the thirty day period
11 would have expired before the appeal was resolved.

12       On December 7, 2003, plaintiff was found guilty of a prison rules violation "for a
13 [sic] act of introduction of a controlled substance/marijuana for the purpose of
14 distribution/trafficking."  Complaint, filed May 2, 2008, at 5.  Plaintiff alleges that this
15 conviction was based solely on plaintiff picking up a jacket he mistakenly believed was his and
16 placing it on the desk on his way to a visit with his wife.[3]  Plaintiff was given a punishment of
17 nine months in administrative segregation, one year loss of all visiting privileges followed by two
18 years of non-contact visits.  The period of punishment ended on January 22, 2007, but plaintiff
19 has not had  family visits for over four years.

20       This court finds two claims in plaintiff's complaint.  The first is that plaintiff's
21 constitutional rights are being violated by continued denial of family visits after January 22,
22 2007, when the punishment imposed for the December 7, 2003 rules violation conviction ended
23 and, therefore, that plaintiff is entitled to prospective injunctive relief in the form of

---

25    [3] Plaintiff alleges that criminal charges referred to the Sacramento County district
attorney's office arising from the same incident were dismissed by that office on April 6, 2005
26 due to insufficient evidence.

1 reinstatement of the visits. The second is that the December 7, 2003 disciplinary conviction was
2 not supported by sufficient evidence and, therefore, that plaintiff is entitled to injunctive relief in
3 the form of an order expunging the rules violation report from plaintiff's central file. The motion
4 to dismiss presently before the court does not address either of those claims squarely.
5       After review of the record, and good cause appearing, the motion to dismiss filed
6 by defendant on May 29, 2009 will be denied without prejudice. This matter will be referred
7 forthwith to the court's alternative dispute resolution program. Should the matter not be resolved
8 by alternative dispute resolution, the court will make a further order for a response to any claim
9 that remains.
10       In accordance with the above, IT IS HEREBY ORDERED that:
11       1. Defendant's May 29, 2009 motion to dismiss is denied without prejudice; and
12       2. This matter is referred forthwith to the court's Alternative Dispute Resolution
13 Program.
14 DATED: January 26, 2010.

*UNITED STATES MAGISTRATE JUDGE*

18 12
19 vice0940.o