1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HERBERT C. VICE,

11            Plaintiff,                    No. 2:08-cv-0940 LKK JFM (PC)

12        vs.

13   JAMES WALKER, et al.,

14            Defendants.                   <u>ORDER</u>

15   _____/

16            Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  This action is proceeding on plaintiff's first amended complaint, filed May

18   20, 2008.  Plaintiff claims that defendant James Walker, the Warden of California State Prison-

19   Sacramento (CSP-Sacramento), violated plaintiff's rights under the Eighth and Fourteenth

20   Amendments in connection with a 2004 disciplinary conviction suffered by plaintiff.  Plaintiff

21   alleges that the disciplinary conviction was not supported by sufficient evidence.  He further

22   alleges that pursuant to that conviction he was punished with a one year loss of all visiting

23   privileges followed by a two year loss of non-contact visiting, but that his visiting privileges with

24   his wife have never been restored.  Plaintiff seeks injunctive relief in the form of an order

25   reinstating visits with his wife and removing the rules violation report that led to the conviction

26   /////

1

1   from his central file.  This matter is before the court on defendant's motion for summary

2   judgment.

3                    SUMMARY JUDGMENT STANDARDS UNDER RULE 56

4               Summary judgment is appropriate when it is demonstrated that there exists "no

5   genuine issue as to any material fact and that the moving party is entitled to a judgment as a

6   matter of law."  Fed. R. Civ. P. 56(c).

7               Under summary judgment practice, the moving party

8               always bears the initial responsibility of informing the district court
                of the basis for its motion, and identifying those portions of "the
9               pleadings, depositions, answers to interrogatories, and admissions
                on file, together with the affidavits, if any," which it believes
10              demonstrate the absence of a genuine issue of material fact.

11  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the

12  nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary

13  judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers

14  to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered,

15  after adequate time for discovery and upon motion, against a party who fails to make a showing

16  sufficient to establish the existence of an element essential to that party's case, and on which that

17  party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof

18  concerning an essential element of the nonmoving party's case necessarily renders all other facts

19  immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as

20  whatever is before the district court demonstrates that the standard for entry of summary

21  judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

22              If the moving party meets its initial responsibility, the burden then shifts to the

23  opposing party to establish that a genuine issue as to any material fact actually does exist.  See

24  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to

25  establish the existence of this factual dispute, the opposing party may not rely upon the

26  allegations or denials of its pleadings but is required to tender evidence of specific facts in the

                                                2

form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken

/////

1  as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

2  'genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (citation omitted).

3          On January 22, 2009, the court advised plaintiff of the requirements for opposing

4  a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  <u>See</u> <u>Rand v. Rowland</u>, 154

5  F.3d 952, 957 (9th Cir. 1998) (en banc), <u>cert. denied</u>, 527 U.S. 1035 (1999), and <u>Klingele v.</u>

6  <u>Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988).

7                                              ANALYSIS

8          Defendant seeks summary judgment on several grounds.  First, defendant

9  contends that plaintiff's due process challenge to the disciplinary conviction is barred by the

10  statute of limitations.  Second, defendant contends that plaintiff received all process due at the

11  disciplinary hearing.  Third, defendant contends that there is no link between him and the due

12  process claim.  Fourth, defendant contends that plaintiff retained his visitation privileges after

13  January 22, 2007.  Fifth, defendant contends that the revocation of plaintiff's wife's visitation

14  privileges does not violate the constitution.  Sixth, defendant contends that plaintiff's claim for

15  injunctive relief has been mooted by plaintiff's transfer to California State Prison-Corcoran

16  (CSP-Corcoran).  Finally, defendant contends that he is entitled to qualified immunity.

17  I.  <u>Facts</u>

18          The facts relevant to the instant motion are as follows:

19          1.  On September 7, 2002, plaintiff was found in possession of tobacco, deemed

20  contraband by prison officials, after a visit with his wife.  Plaintiff disputes that tobacco was

21  contraband under applicable regulations.

22          2.  On December 7, 2003, plaintiff was charged with a prison rules violation for

23  introduction of a controlled substance for the purpose of distribution.  The charges were based on

24  a search of plaintiff immediately following a visit with his wife in the prison visitation area.

25          3.  On December 8, 2003, plaintiff's wife's visitation privileges were revoked.

26  /////

4.  On March 11, 2004, plaintiff was found guilty of the rules violation at a disciplinary hearing.  Plaintiff was assessed a one year loss of visiting privileges followed by two years of non-contact visitation only.

5.  On April 4, 2004, plaintiff filed an administrative appeal challenging the disciplinary conviction.

6.  On December 29, 2004, plaintiff's administrative appeal was denied at the final level of administrative review.

7.  On February 15, 2007, plaintiff's wife sent a letter to CSP-Sacramento requesting reinstatement of her visiting privileges.  On February 26, 2007, defendant Walker denied her request.

8.  On April 29, 2008, plaintiff signed and dated the original complaint filed in this action.  This action is deemed filed on that date.  See Houston v. Lack, 486 U.S. 266 (1988).

9.  On September 30, 2009, plaintiff was transferred to CSP-Corcoran.

10.  On May 19, 2010, plaintiff's request for a family visit was denied by prison officials at CSP-Corcoran "due to the 2004 introduction to [sic] contraband."  Ex. A to Plaintiff's Response and Evidence in Support of Plaintiff's Response to Defendant's Summary Judgment, filed May 12, 2011.

11.  On December 26, 2010, plaintiff had a visit with his wife at CSP-Corcoran. Her visitation privileges are "currently pending the Warden's approval for exclusion from visiting at CSP Corcoran" based on allegations that followed that visit.  Declaration of Fritz in Support of Defendant' Response to the Court's April 5, 2011 Order.

II.  Defendant's Motion

A.  Statute of Limitations

Defendant's first contention is that plaintiff's challenge to the prison disciplinary conviction is barred by the statute of limitations.  California law determines the applicable statute of limitations in this § 1983 action.  See Wilson v. Garcia, 471 U.S. 261 (1985).  The applicable

1  state limitations period is two years.  See Cal. Code Civ. Proc. § 335.1; see also Jones v. Blanas,

2  393 F.3d 918, 927 (9th Cir. 2004).  California law "provides for the tolling of a statute of

3  limitations for a period of up to two years based on the disability of imprisonment." Jones, 393

4  F.3d at 927 (citing Cal. Civ. Proc. Code § 352.1).  The statute of limitations is tolled while a

5  prison inmate exhausts administrative remedies, a mandatory prerequisite to filing a federal civil

6  rights action.  See Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005).

7          Plaintiff was found guilty of the prison rules violation at issue on March 11, 2004.

8  The limitations period ran for twenty-four days, until April 4, 2004, when plaintiff filed his

9  inmate appeal from the disciplinary conviction.  The limitations period was tolled for two

10 hundred sixty-nine days, from April 4, 2004 through December 29, 2004, while plaintiff

11 exhausted prison administrative remedies.  Thereafter, three years and three hundred forty-two

12 days remained in the limitation period.  Plaintiff filed this action on April 29, 2008, three years

13 and one hundred twenty-two days later and within two year limitation period plus the two

14 additional years for which the limitation period is tolled.  Plaintiff's challenge to his disciplinary

15 conviction is not time-barred.

16     B.  The Disciplinary Conviction

17          Defendant contends that plaintiff received all process due at the disciplinary

18 hearing and, in any event, that he was not involved in any way in plaintiff's disciplinary hearing.

19 Plaintiff contends that there was not "some evidence" to support the disciplinary conviction, and

20 that defendant Walker had actual involvement in the disciplinary conviction through the inmate

21 appeal process.

22          The Civil Rights Act under which this action was filed provides:

23          Every person who, under color of [state law]... subjects, or causes
            to be subjected, any citizen of the United States...to the deprivation
24          of any rights, privileges, or immunities secured by the Constitution
            ...shall be liable to the party injured in an action at law, suit in
25          equity, or other proper proceeding for redress.

26 42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

6

1   the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

2   Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

3   (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

4   constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

5   in another's affirmative acts or omits to perform an act which he is legally required to do that

6   causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th

7   Cir. 1978).

8           Moreover, supervisory personnel are generally not liable under section 1983 for

9   the actions of their employees under a theory of respondeat superior and, therefore, when a

10  named defendant holds a supervisorial position, the causal link between him and the claimed

11  constitutional violation must be specifically proved.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th

12  Cir. 1979);  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941

13  (1979).

14          Liability may be imposed on a supervisor under section 1983 only if (1) the

15  supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor

16  knew of the violations and failed to act to prevent them or (3) the supervisor implemented a

17  policy "'so deficient that the policy itself "is a repudiation of constitutional rights" and is "the

18  moving force of the constitutional violation."'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir.

19  1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  However, an unconstitutional policy

20  cannot be proved by proof of a single incident "unless proof of the incident includes proof that it

21  was caused by an existing, unconstitutional policy." City of Oklahoma City v. Tuttle, 471 U.S.

22  808, 823-24 (1985).

23          The record before this court contains no evidence that defendant Walker was

24  personally involved in charging plaintiff with the rules violation, or of finding plaintiff guilty of

25  the rules violation, or in denying plaintiff's administrative appeal from the disciplinary

26  conviction.  See Exs. B and I to Plaintiff's Response to Motion for Summary Judgment, filed

                                            7

1  March 18, 2011 (Plaintiff's Response).  Nor is there any evidence that defendant Walker knew

2  about the rules violation report, or the guilty finding, or the administrative appeal, until he

3  reviewed relevant documents in connection with plaintiff's wife's 2007 request to have her

4  visiting privileges at CSP-Sacramento reinstated.  See Ex. C to Plaintiff's Response.  Finally,

5  plaintiff does not contend, and there is no evidence, that the disciplinary conviction was the result

6  of an unconstitutional policy implemented by defendant Walker.

7          There is no evidence that defendant Walker played any role in the process that led

8  to the prison disciplinary conviction at issue or the denial of plaintiff's administrative appeal

9  from that conviction.  For that reason, defendant Walker is entitled to summary judgment on

10  plaintiff's challenge to the disciplinary conviction.

11        C.  Denial of Visitation

12          Defendant also makes several arguments in support of his contention that he is

13  entitled to summary judgment on plaintiff's claim arising from the alleged denial of visitation

14  with his wife after January 22, 2007, when all punishment from the 2004 disciplinary conviction

15  ended.  As noted above, defendant contends that plaintiff retained his visitation privileges after

16  January 22, 2007, that the revocation of plaintiff's wife's visitation privileges does not violate the

17  constitution, and that plaintiff's claim for injunctive relief has been mooted by plaintiff's transfer

18  to California State Prison-Corcoran (CSP-Corcoran).

19          The court need not reach all of defendant's arguments.  Plaintiff has no

20  constitutional protection in family visits with his wife.  See Kentucky Department of Corrections

21  v. Thompson, 490 U.S. 454, 461 (1989) ("the denial of prison access to a particular visitor 'is

22  well within the terms of confinement ordinarily contemplated by a prison sentence.' [Citation

23  omitted.]").  For that reason, defendant is entitled to summary judgment on plaintiff's claim that

24  he has been deprived of visits with his wife in violation of his rights under the federal

25  constitution.

26  /////

1    D.  Qualified Immunity

2              Finally, defendant contends that he is entitled to qualified immunity.  Qualified

3    immunity is a defense to a request for money damages and not to a request for injunctive relief.

4    See Presbyterian Church (U.S.A.) v. United States, 870 F.2d 518, 527 (9th Cir. 1989) (citing

5    Harlow v. Fitzgerald, 457 U.S. 800, 806 (1982)).  Here, plaintiff seeks only injunctive relief and

6    the costs of suit.  Accordingly, the defense of qualified immunity is inapplicable in this action.

7              For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that

8    defendant's January 28, 2011 motion for summary judgment be granted.

9              These findings and recommendations are submitted to the United States District

10   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

11   days after being served with these findings and recommendations, any party may file written

12   objections with the court and serve a copy on all parties.  Such a document should be captioned

13   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

14   objections shall be filed and served within fourteen days after service of the objections.  The

15   parties are advised that failure to file objections within the specified time may waive the right to

16   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17   DATED: June 6, 2011.

18

19                                    UNITED STATES MAGISTRATE JUDGE

20

21   12
22   vice0940.msj

23

24

25

26